UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-61523-CIV-GAYLES

**MYCOSKIE, LLC**,
          **Plaintiff,**

v.

**2016TOMSSHOESSALEOUTLET.US, et al.,**
          **Defendants.**
_____/

## ORDER GRANTING PRELIMINARY INJUNCTION

**THIS CAUSE** comes before the Court on Plaintiff Mycoskie, LLC's Application for Preliminary Injunction [ECF No. 6]. The Court has carefully reviewed the Application and the record and is otherwise fully advised in the premises. By the instant Application, the Plaintiff moves for entry of a preliminary injunction against the Defendants—the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto—for alleged violations of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and (d).

    The Court convened a hearing on July 22, 2016, which was attended by counsel for the Plaintiff only. During the hearing, the Plaintiff directed the Court to evidence supporting the Application for Preliminary Injunction. The Defendants have not responded to the Application for Preliminary Injunction, nor have they made any filing in this case, nor have the Defendants appeared in this matter either individually or through counsel. Because the Plaintiff has satisfied the requirements for the issuance of a preliminary injunction, the Court grants the Plaintiff's Application for Preliminary Injunction.

**I.    FACTUAL BACKGROUND[1]**

1. Plaintiff Mycoskie, LLC ("Mycoskie"), is the registered owner and TOMS SHOES INC., is the exclusive licensee of the following trademarks which are registered on the Principal Register of the United States Patent and Trademark Office (collectively, the "TOMS Marks"):

| Trademark | Registration Number | Registration Date | Class / Relevant Goods |
|---|---|---|---|
| **TOMS** | 3,353,902 | Dec. 11, 2007 | IC 025 – Canvas shoes, shoes |
| **TOMS** | 3,566,093 | Jan. 20, 2009 | IC 025 – Clothing, namely, canvas shoes, shoes, caps, shirts, t-shirts, and hats |
| TOMS (logo) | 3,765,503 | Mar. 23, 2010 | IC 025 – Baseball caps; caps; hats; canvas shoes; footwear for men and women; shoes; and shirts |
| **ONE FOR ONE** | 4,204,485 | Sep. 11, 2012 | IC 025 – Clothing, namely hats, sweatshirts, hooded sweatshirts, t-shirts and shoes |

*See* Declaration of Jessica Murray in Support of Application for Preliminary Injunction, ECF No. 6-2 ["Murray Decl."] ¶ 4. The TOMS Marks are used in connection with the manufacture and distribution of goods in the categories identified above. *Id*. All use of the TOMS Marks inures to the benefit of Mycoskie as the owner of the Marks. *See id.* ¶ 5.

2. The Defendants, through the fully interactive, commercial Internet websites operating under their individual, partnership and/or business association names identified on Schedule "A" hereto (the "Subject Domain Names"), have advertised, promoted, offered for sale, or sold goods in interstate commerce bearing what the Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of Plaintiff's trademarks. *See id.* ¶¶ 9-12; *see also* relevant web page captures from Defendants' Internet websites operating under the Subject

---

[1] The factual background is taken from Plaintiff's Complaint [ECF No. 1], Plaintiff's Application for Preliminary Injunction [ECF No. 6], and supporting evidentiary submissions.

Domain Names attached as Composite Exhibit B to the Complaint [ECF Nos. 1-2 through 1-11].)

3. Although each Defendant may not copy and infringe each TOMS Mark for each category of goods protected, the Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the TOMS Marks at issue. *See* Murray Decl. ¶¶ 9-12. The Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, infringement, reproductions, and/or colorable imitations of the TOMS Marks. *See id.* ¶¶ 9, 12.

4. The Plaintiff's representative reviewed and visually inspected the items bearing the TOMS Marks offered for sale through the Internet websites operating under the Subject Domain Names, and determined the products to be unauthorized, non-genuine versions of the Plaintiff's products. (*See id.* ¶¶ 9-12.

5. On June 29, 2016, the Plaintiff filed its Complaint [ECF No. 1] against the Defendants for federal trademark counterfeiting and infringement, false designation of origin, cybersquatting, common law unfair competition, and common law trademark infringement. On June 30, 2016, the Plaintiff filed its *Ex Parte* Application for Entry of Temporary Restraining Order and Preliminary Injunction [ECF No. 6]. On July 11, 2016, the Court entered an Order Granting *Ex Parte* Temporary Restraining Order [ECF No. 7] (entered on docket July 12, 2016) and temporarily restrained Defendants from infringing Plaintiff's Marks at issue. Pursuant to the Court's Order on July 13, 2016, Plaintiff properly served Defendants with a copy of the Complaint, together with copies of the July 11, 2016 Order. Thereafter, Certificates of Service were filed confirming service on each Defendant. [ECF Nos. 9, 10 & 11].

## II.   LEGAL STANDARD

In order to obtain a preliminary injunction, a party must demonstrate "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not

granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. Rel Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005) (per curiam); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

## III.   ANALYSIS

The declarations that the Plaintiff submitted in support of its Application for Preliminary Injunction support the following conclusions of law:

    A.    The Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by the Defendants' advertisement, promotion, sale, offer for sale, or distribution of goods bearing counterfeits, reproductions, or colorable imitations of the TOMS Marks, and that the products the Defendants are selling and promoting for sale are copies of the Plaintiff's products that bear copies of the TOMS Marks.

    B.    Because of the infringement of the TOMS Marks, the Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. It clearly appears from the following specific facts, as set forth in the Plaintiff's Complaint, Application for Preliminary Injunction, and accompanying declarations on file, that immediate and irreparable loss, damage, and injury will result to the Plaintiff and to consumers because it is more likely than not that:

        1.    The Defendants own or control Internet websites, domain names, or website businesses which advertise, promote, offer for sale, or sell goods bearing counterfeit and infringing trademarks in violation of the Plaintiff's rights; and

        2.    There is good cause to believe that more counterfeit and infringing products bearing the Plaintiff's trademarks will appear in the marketplace; that consumers are likely to be misled, confused, and disappointed by the quality of these products; and that the Plaintiff may suffer loss of sales for its genuine products.

    C.    The balance of potential harm to the Defendants in restraining their trade in counterfeit and infringing branded goods if a preliminary injunction is issued is far outweighed by the potential harm to the Plaintiff, its reputation, and goodwill as a manufacturer and distributor of quality products if such relief is not issued; and

    D.    The public interest favors issuance of the preliminary injunction in order to protect the Plaintiff's trademark interests and protect the public from being defrauded by the palming off of counterfeit goods as the Plaintiff's genuine goods.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Plaintiff's Application for Preliminary Injunction [ECF No. 6] is **GRANTED** as follows:

(1)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order are hereby **RESTRAINED AND ENJOINED**:

    (a)    From manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the TOMS Marks, or any confusingly similar trademarks, other than those actually manufactured or distributed by the Plaintiff; and

    (b)    From secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any products, not manufactured or distributed by the Plaintiff, bearing the TOMS Marks, or any confusingly similar trademarks; or (ii) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing the TOMS Marks, or any confusingly similar trademarks.

(2)    Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the TOMS Marks or any confusingly similar trademarks, on or in connection with all Internet websites, domain names, or businesses owned and operated, or controlled by them, including the Internet websites

operating under the Subject Domain Names;

(3) Each Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with any Defendant having notice of this Order shall immediately discontinue, until further Order of this Court, the use of the TOMS Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), any advertising links to other websites, from search engines' databases or cache memory, and any other form of use of such terms which is visible to a computer user or serves to direct computer searches to websites registered by, owned, or operated by each Defendant, including the Internet websites operating under the Subject Domain Names;

(4) Each Defendant shall not transfer ownership of the Subject Domain Names during the pendency of this action, or until further Order of the Court;

(5) The domain name Registrars for the Subject Domain Names are directed, to the extent not already done, to transfer to Plaintiff's counsel, for deposit with this Court, domain name certificates for the Subject Domain Names;

(6) Upon the Plaintiff's request, the privacy protection service for any of the Subject Domain Names for which the Registrant uses such privacy protection service to conceal the Registrant's identity and contact information is ordered, to the extent not already done, to disclose to Plaintiff the true identities and contact information of those Registrants;

(7) The domain name registrars for the Subject Domain Names shall immediately, to the extent not already done, assist in changing the registrar of record for the Subject Domain Names to a holding account with a registrar of the Plaintiff's choosing (the "New Registrar"), excepting any such domain names which such registrars have been notified in writing by the Plaintiff have been or will be dismissed from this action, or as to which the Plaintiff has with-

drawn its request to immediately transfer such domain names. To the extent the registrars do not assist in changing the registrars of record for the domains under their respective control within one business day of receipt of this Order, the top-level domain (TLD) registries for the Subject Domain Names or their administrators, including backend registry operators or administrators, within five business days of receipt of this Order, shall change, or assist in changing, the registrar of record for the Subject Domain Names to a holding account with the New Registrar, excepting any such domain names which such registries have been notified in writing by the Plaintiff have been or will be dismissed from this action or as to which the Plaintiff has with-drawn its request to immediately transfer such domain names. Upon the change of the registrar of record for the Subject Domain Names, the New Registrar will maintain access to the Subject Domain Names in trust for the Court during the pendency of this action. Additionally, the New Registrar shall im-mediately institute a temporary 302 domain name redirection which will automatically redirect any visitor to the Subject Domain Names to the following Uniform Resource Locator ("URL") http://servingnotice.com/M9w2wz/index.html whereon copies of the Complaint, this Order, and all other documents on file in this action are displayed. Alternatively, the New Registrar may update the Domain Name System ("DNS") data it maintains for the Subject Domain Names, which link the domain names to the IP addresses where their associated websites are hosted, to NS1.MEDIATEMPLE.NET and NS2.MEDIATEMPLE.NET, which will cause the domain names to resolve to the website where copies of the Complaint, this Order, and all other docu-ments on file in this action are displayed. After the New Registrar has effected this change, the Subject Domain Names shall be placed on lock status, preventing the modification or deletion of the domains by the New Registrar or the Defendants;

(8)     This Order shall no longer apply to any Defendant or associated domain name dismissed from this action or to which the Plaintiff has withdrawn its request for a preliminary

7

injunction;

(9) Each Defendant shall preserve, and continue to preserve, copies of all computer files relating to the use of any of the Subject Domain Names and shall take all steps necessary to retrieve computer files relating to the use of the Subject Domain Names that may have been deleted before the entry of this Order;

(10) This Order shall apply to the Subject Domain Names, associated websites, and any other domain names and websites properly brought to the Court's attention and verified by sworn affidavit that such new domain names are being used by the Defendants for the purpose of counterfeiting the TOMS Marks at issue in this action or unfairly competing with the Plaintiff on the World Wide Web;

(11) Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Fed. R. Civ. P. 65(c), the Plaintiff shall maintain its previously set bond in the amount of Ten Thousand Dollars and Zero Cents ($10,000.00), as payment of damages to which the Defendants may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further Order of the Court;

(12) This Order shall remain in effect during the pendency of this action, or until further Order of this Court.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of July, 2016.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

## SCHEDULE "A"
## DEFENDANTS BY NUMBER AND SUBJECT DOMAIN NAME

| Def. No. | Subject Domain Name |
|---|---|
| 1 | 2016tomsshoessaleoutlet.us |
| 1 | officialtomsoutletusa.com |
| 1 | officialtomsshoesoutletstore.com |
| 1 | tomsglitersale2016.us |
| 1 | officialtomsoutlet2016.us |
| 2 | aardvarkdjservices.co.uk |
| 3 | alisonbot.com |
| 4 | allterrainrc.co.uk |
| 5 | aqua-window-cleaning.co.uk |
| 6 | archwilmington.org |
| 7 | bagatellemusic.co.uk |
| 8 | baybuk.co.uk |
| 9 | bfapparel.com |
| 10 | billigetomssko.com |
| 11 | blackdotdesign.co.uk |
| 12 | bountifullife.ca |
| 13 | brand-shoessale.com |
| 14 | brasilcasa.eu |
| 15 | buildingtrades-au.com |
| 16 | burningbrightband.com |
| 17 | buyflipflop.com |
| 18 | buytomsoneforone.com |
| 19 | cheapshoesonlinemall.com |
| 20 | cheaptoms2015.us |
| 21 | cheaptoms-outlet.co.uk |
| 22 | cheaptomssaleuk.org |
| 23 | cheaptomsukoutlet.co.uk |
| 24 | cleanchem.co.uk |
| 25 | conistonhotelsouthport.co.uk |
| 26 | corianderbrighton.co.uk |
| 27 | desirable-homes.co.uk |
| 28 | dewevents.co.uk |
| 29 | discounttomsshoessaleus.org |
| 30 | drdandelaware.com |
| 31 | eightdayevents.co.uk |
| 32 | elitesvc.com |
| 33 | gifpl.us |

| Def. No. | Subject Domain Name |
|---|---|
| 34 | gifttogo.co.uk |
| 35 | gunceltekno.com |
| 36 | hautegrab.com |
| 37 | hotelacra.com |
| 38 | igricefriv.us |
| 39 | instyleproducts.co.uk |
| 40 | ironorecrushers.org |
| 41 | jennycreasey.co.uk |
| 42 | katespade-outlet.org |
| 43 | kooshrecords.co.uk |
| 44 | kyoceracopiers.co.uk |
| 45 | location-biz.com |
| 46 | makefunof.us |
| 47 | meetvalentino.com |
| 48 | memetix.eu |
| 49 | menstomsuk.co.uk |
| 50 | nachausms.com |
| 51 | oneforoneau.com |
| 52 | paddlersforlifescotlandsw.co.uk |
| 53 | pegatinasconresina.com |
| 54 | railsource.co.uk |
| 55 | renon.dk |
| 56 | sarapaxton.us |
| 57 | sepacrest.org |
| 58 | shoesofau.com |
| 59 | shoesup.us |
| 60 | shopstylebrand.com |
| 61 | simplyumbrellas.co.uk |
| 62 | skotomsnorge.com |
| 63 | streetsandrunway.com |
| 64 | stylenama.com |
| 65 | superiorscreen.org |
| 66 | susannaquagliariello.com |
| 67 | thereposhack.com |
| 68 | thienthubooks.com |
| 69 | thinrpo.com |
| 70 | thrinpretere.us |
| 71 | tomscheap.org |
| 72 | tomsdanmark.eu |
| 73 | tomsespadrilles.co.uk |

| Def. No. | Subject Domain Name |
|---|---|
| 74 | tomsforcheap.us |
| 75 | tomsforsale.co.uk |
| 76 | tomshoesus.com |
| 77 | toms-mall.com |
| 78 | tomsnorway.com |
| 79 | tomsonline.be |
| 80 | toms-online.org |
| 81 | tomsoutlet.es |
| 82 | tomsoutlet-online.com |
| 83 | tomsoutletonline.net |
| 84 | tomsoutletretail.com |
| 85 | tomsoutletstore.org |
| 86 | tomsoutlet-stores.com |
| 87 | toms-shoes.name |
| 88 | toms--shoes.org |
| 89 | tomsshoesinc.com |
| 90 | tomsshoes-outletonlines.org |
| 91 | tomsshoeswholesale.top |
| 92 | tomsshop-uk.com |
| 93 | tomsskonorges.com |
| 94 | tomsso.net |
| 94 | tomsss.net |
| 95 | tomssosale.us |
| 96 | tomsstore.cc |
| 97 | tradeshowhistory.net |
| 98 | twtoms.info |
| 99 | ustarepani.eu |
| 100 | valdaro.co.uk |
| 101 | vansskonorge.com |
| 102 | waxwingstudio.co.uk |
| 103 | wholesaleclothing-outlet.com |
| 104 | wiltshire-webdesign.co.uk |
| 105 | woodybiomass.org |
| 106 | yakoffdesign.us |
| 107 | zapatosventaes.com |
| 108 | buydiscounttomsshoesoutlet.com |
| 108 | toms-outlets.org |
| 108 | tomsshoeoutlets.org |
| 108 | tomsshoeoutlets.us |
| 108 | toms-shoe.net |

| Def. No. | Subject Domain Name |
|---|---|
| 108 | toms-outletonline.org |
| 108 | tomsshoes2016.com |
| 109 | my2020eyesdirect.com |
| 109 | romitosonline.com |
| 110 | cheap-tomsoutlet.us |
| 110 | tomsoutletsaleonline.com |
| 110 | toms--shoes.com |
| 111 | shoesoutlet2016.com |
| 111 | toms2016.com |
| 111 | shoessale2016.com |
| 112 | bestbuygo.cn |
| 112 | solegeneral.cn |
| 112 | yeezybay.cn |
| 113 | goyeezy.com |
| 113 | gogoyeezy.cn |
| 114 | hotshuts.com |
| 114 | cutesshoe.com |
| 115 | openmindprojects.org.au |
| 115 | floravillaartgallery.com.au |
| 115 | ristoranteushuaia.it |
| 116 | usshoesus.com |
| 116 | newtomsshoes.com |
| 117 | 2pink4u.eu |
| 117 | marqueehiredirectory.com |
| 118 | uklegalhighs.co.uk |
| 118 | tomsko.no |
| 118 | tomsalg.no |
| 118 | tomssko.no |
| 119 | infinitymagazine.eu |
| 119 | ptchem.eu |
| 119 | empowerw.eu |
| 120 | insors.us |
| 120 | mcge.us |
| 120 | patottos.us |
| 121 | nouzapatillases.com |
| 121 | deportemodaes.com |
| 122 | tomshoganscarpe.com |
| 122 | tomsnorge.net |